IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANA UNLIMITED COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-cv-7901 |
| | ) |
| MIDAS CHAIN INC. and JOHN DOES 1-50, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE LANHAM ACT SECTION 43(A); VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT; AND VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

Plaintiff Lana Unlimited Company d/b/a Lana Jewelry ("Lana Jewelry" or "Plaintiff"), as its Complaint against Defendants Midas Chain Inc. and John Does 1 through 50 alleges as follows:

**NATURE OF THE ACTION**

1. Lana Jewelry brings this lawsuit against Midas Chain Inc. and its customers in response to the flagrant infringement of Lana's protected trade dress in its iconic Hooked on Hoops and Blake jewelry designs.  Lana Jewelry, founded in 2002 by celebrated designer Lana Bramlette, is a world-class producer of innovative and distinctive fine gold jewelry.  Lana Jewelry's award-winning designs are worn by celebrities and regularly featured in international fashion magazines.  Seeking to capitalize on Lana Jewelry's phenomenal success, Midas Chain has manufactured and marketed an entire line of inferior imitation jewelry that copies Lana Jewelry's distinctive look.  With this action, Lana Jewelry sends the message loud and clear: counterfeiters and knock-off artists will not be tolerated.

## PARTIES

2. Plaintiff is an Illinois corporation with its principal place of business located in Chicago, Illinois.

3. Defendant Midas Chain Inc. ("Midas Chain"), is a New York corporation with an address at 50 McDermott Place, Bergenfield, New Jersey 07621.

4. Upon information and belief, Defendants John Doe 1 through 50 are retailers to whom Midas Chain sold infringing products.

## JURISDICTION AND VENUE

5. This action arises, in part, under the Lanham Act, as amended, 15 U.S.C. § 1125; Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq*. and Illinois Consumer Fraud and Deceptive Business Practices Act, 815 §§ 505/1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (claims under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (unfair competition related to Lanham Act claims) and 28 U.S.C. § 1367 (supplemental jurisdiction). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the value of the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Upon information and belief, this Court has personal jurisdiction over Midas Chain and the "John Doe" defendants because they have conducted and routinely conduct, solicit and/or transact business within this District and elsewhere in Illinois, derive substantial revenue from the sale and/or distribution of goods within this District and elsewhere in Illinois, and/or have otherwise made or established constitutionally sufficient contacts in this District to permit this Court's exercise of personal jurisdiction.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the acts complained of herein occurred in this District and each party is subject to personal jurisdiction in this District.

### LANA JEWELRY'S RIGHTS IN ITS HOOKED ON HOOPS TRADE DRESS AND BLAKE TRADE DRESS

8. Founded in 2002, Lana Jewelry is one of the nation's leading designers and manufacturers of sleek, modern, fine gold jewelry. Each product is designed by its founder, Lana Bramlette. Lana Jewelry's products are now carried in more than 200 stores worldwide.

9. Lana Jewelry has developed various distinctive lines of jewelry designs that have become uniquely associated with it. One such collection is its signature collection of hoop earrings that feature thin, oblong gold hoop earrings with an open extension at one end. Attached as Exhibit A are examples of these products, marketed under the designation "Hooked on Hoops."

10. More recently, Lana Jewelry added a line that features unique combinations of elements formed from flat, shiny interlocking links. Attached as Exhibit B are examples of Lana Jewelry's "Blake" trade dress.

11. Lana Jewelry has enjoyed tremendous success and has earned numerous accolades for the pieces in its Hooked on Hoops and Blake collections. Lana Jewelry pieces featuring the Hooked on Hoops and Blake trade dress are sold by exclusive retailers, including Neiman Marcus, Bergdorf Goodman, Nordstrom, Bloomingdales, and Intermix, as well as many traditional jewelry stores and specialty shops.

12. Lana Jewelry's designs have received extensive media coverage, and have been prominently featured in magazines in the United States and throughout the world, including, *Vogue, Glamour*, *ELLE*, *Couture*, *SELF*, *Women's Health*, *Shape*, *GQ*, *Marie Claire*, *Harper's*

*Bazaar*, *Billboard Magazine*, and *People Style Watch*. Given the notoriety of Lana Jewelry's products, international entertainment celebrities are often photographed wearing jewelry featuring the distinctive Hooked on Hoops and Blake trade dress, including Cameron Diaz, Sandra Bullock, Jennifer Lopez, Chelsea Handler, Rihanna, Faith Hill, Kate Hudson, Uma Thurman, Emma Stone, Jennifer Hudson, Kerry Washington, Selena Gomez, Katy Perry, Jada Pinkett Smith, Alicia Keys, Eva Longoria, Kim Kardashian, Mary J Blige, Sheryl Crow, Halle Berry, Michelle Pfeiffer, Christina Hendricks, Brooklyn Decker, Katharine McPhee, and Jennifer Lawrence.

13. Lana Jewelry's Blake necklace was prominently featured as a piece worn by Cameron Diaz in the film *The Other Woman*. The necklace has been so closely associated with the film that an emoji based on Ms. Diaz's character, Carly, wears the necklace.

14. As a result of this tremendous success, the Hooked on Hoops and Blake trade dress, and the goodwill they represent, are extremely valuable assets.

## MIDAS CHAIN AND ITS WRONGFUL ACTS

15. Midas Chain is in the business of manufacturing and marketing jewelry pieces that directly compete with those marketed by Lana Jewelry.

16. Lana Jewelry recently learned that Midas Chain is marketing jewelry using trade dress that simulates Lana Jewelry's Hooked on Hoops and Blake trade dress.

17. Specifically, like Lana Jewelry, Midas Chain has marketed thin, oblong gold hoop earrings with an open extension at one end.

18. Midas Chain recently published a full-page print advertisement in the magazine *Instore* that combines a pair of earrings imitating Jana Jewelry's Hooked on Hoops trade dress with Midas Chain's corporate logo. A copy of that advertisement is attached hereto as Exhibit C.

19. Likewise, like Lana Jewelry, Midas Chain uses combinations of elements formed from flat, shiny interlocking links. Attached hereto as Exhibit D are examples of Defendant's jewelry pieces in its "Tassel" and "Hawley ST" collections that imitate Lana Jewelry's Blake trade dress.

20. On information and belief, Midas Chain had actual knowledge of Lana Jewelry's prior use of the Hooked on Hoops and Blake trade dress when it adopted its copies of those designs.

21. Upon information and belief, Midas Chain intentionally adopted confusingly similar trade dress in order to trade off of Lana Jewelry's goodwill and obtain a salability for its products that it otherwise would not have.

22. Upon information and belief, Midas Chain sold its infringing products to Defendants John Doe 1 through 50, whose subsequent sales constitute independent acts of infringement.

23. Defendants' actions demonstrate an intentional, willful, and bad faith intent to trade on the goodwill associated with Lana Jewelry's Hooked on Hoops and Blake trade dress.

## FIRST CLAIM FOR RELIEF

**(False Designation of Origin
Pursuant to 15 U.S.C. § 1125(a))**

24. Lana Jewelry incorporates by reference Paragraphs 1 through 23 above.

25. Defendant Midas Chain has made and is making false representations, false descriptions, and false designations of origin of Midas Chain's products in violation of 15 U.S.C. § 1125(a) that are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the consuming public and to injure Lana Jewelry's good will and reputation as symbolized by its Hooked on Hoops and Blake trade dress.

26. On information and belief, Defendants have acted with full knowledge of Lana Jewelry's use of, and statutory and common law rights to, the Hooked on Hoops and Blake trade dress, and without regard to the likelihood of confusion of the public created by those activities.

27. These acts constitute false designation of origin in violation of 15 U.S.C. § 1125(a).

28. Defendants also have engaged in common law unfair competition.

29. Because of Defendants' unlawful actions, Lana Jewelry has suffered and continues to suffer irreparable harm, including, but not limited to, detriment to and diminution in value of its Hooked on Hoops and Blake trade dress, for which there is no adequate remedy at law. Accordingly, Lana Jewelry is entitled to injunctive relief under 15 U.S.C. § 1116.

30. Lana Jewelry has also suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants as a result of their infringement, and costs of suit, pursuant to 15 U.S.C. § 1117.

31. By reason of Defendants' willful acts of false designation of origin, Lana Jewelry is entitled to damages and the trebling of its damages pursuant to 15 U.S.C. § 1117.

32. By reason of Defendants' acts, this is an exceptional case making Lana Jewelry eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

**(Deceptive Trade Practices and Consumer Fraud and Deceptive Business Practices Pursuant to 815 ILCS §§ 510/1, *et seq*. and 815 ILCS §§ 505/1, *et seq*.)**

33. Lana Jewelry incorporates by reference Paragraphs 1 through 32.

34. Defendants have knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS (1992) 510/1 *et. seq*. by causing likelihood of confusion or misunderstanding as to the source, origin, or

sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendants or their products with Lana Jewelry products; and using deceptive representations or designations of origin in connection with Defendants' products.

35. The unauthorized use by Defendants of the Lana Jewelry's Hooked on Hoops and Blake trade dress is causing and is likely to cause substantial injury to the public and to Lana Jewelry, and Lana Jewelry has no adequate remedy at law for this injury. Lana Jewelry is entitled to injunctive relief and to an award of its attorneys' fees under 815 ILCS (1992) 513.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court enter judgment against Defendants that:

    a. Defendants infringed the rights of Plaintiff in Plaintiff's Hooked on Hoops trade dress and Blake trade dress in violation of 15 U.S.C. § 1125, and state and common law; and

    b. Defendants engaged in deceptive acts and practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq*. and 815 ILCS §§ 505/1, *et seq*.

2. That the Court enter judgment against Defendants that the above acts, 1(a)-(b), were willful and intentional making this an exceptional case.

3. That the Court grant temporary, preliminary and permanent injunctive relief enjoining and restraining Defendants, and their officers, agents, servants, employees, successors, assigns, attorneys, and all other persons acting in concert or in participation with or affiliated with any of them, including, without limitation, Defendant John Does 1-50, jointly and severally:

    a. From using Lana Jewelry's Hooked on Hoops or Blake trade dress on or in connection with jewelry or related products, or any other copy or colorable imitation of Plaintiff's Hooked on Hoops or Blake trade dress;

      b.      From representing by any means whatsoever, directly or indirectly, that any products sold or services rendered by Defendants are associated with, sponsored by, and/or connected or affiliated with Plaintiff, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of purchasers as to the origin or sponsorship of Defendants' products or services;

      c.      Passing off, palming off, or assisting in passing off or palming off, Defendants' products as those of Lana Jewelry, or otherwise continuing any and all acts of infringement, unfair competition, and deceptive trade practices as alleged in this Complaint;

      d.      From otherwise competing unfairly with Lana Jewelry in any manner or engaging in deceptive conduct;

      e.      From continuing to perform in any manner whatsoever any of the acts complained of in this Complaint; and

      f.      From causing, engaging in or permitting others to do any of the aforesaid acts.

4.      That the Court direct Defendants to file with the Court and serve on counsel for Plaintiff within 30 days after the entry of any preliminary or permanent injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with the injunction.

5.      That the Court require Defendants to immediately recall from all distribution channels all products, packaging, advertising, and promotional materials bearing trade dress that is confusingly similar to Lana Jewelry's Hooked on Hoops and Blake trade dress.

6.      That Plaintiff be awarded actual or statutory damages for Defendants' unfair competition under the Lanham Act, as well as for deceptive conduct under Illinois law.

7.      That Plaintiff be awarded all profits resulting from Defendants' infringement of Plaintiff's rights and by means of Defendants' deceptive conduct.

8. That Defendants be ordered to account for and disgorge to Plaintiff all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of herein.

9. That damages resulting from Defendants' infringement and unfair competition under the Lanham Act be trebled in accordance with the provisions of 15 U.S.C. § 1117.

10. For pre-judgment interest on all damages.

11. That the Court award Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, Illinois law, and any other applicable provision of law.

12. That the Court award Plaintiff its costs of suit incurred herein.

13. For any such other or further relief as the Court may deem just and proper.

Dated: September 8, 2015     LOEB & LOEB LLP

By:  s/ Douglas N. Masters
Douglas N. Masters
Loeb & Loeb LLP
321 North Clark Street, Suite 2300
Chicago, Illinois  60654
Tel:  (312) 464-3100
Fax:  (312) 464-3111

*Attorneys for Plaintiff
Lana Unlimited Co.*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues in connection with this action.

Dated: September 8, 2015

LOEB & LOEB LLP

By: s/ Douglas N. Masters
Douglas N. Masters
321 North Clark Street, Suite 2300
Chicago, Illinois 60654
Tel: (312) 464-3100
Fax: (312) 464-3111

*Attorneys for Plaintiff
Lana Unlimited Co.*

NY1366906.1