# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LANA UNLIMITED COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 07091 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| MIDAS CHAIN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Lana Unlimited Company is a gold jewelry designer and manufacturer. R. 1 ¶ 8. Lana has sued another jewelry manufacturer, Midas Chain, for infringing on Lana's trade dress as to certain jewelry designs, 15 U.S.C. § 1125(a), and for state-law deceptive practices, 815 ILCS 501/1 *et seq.* R. 1 at 5-7. Midas Chain moved to dismiss the complaint, R. 14, but after the dismissal motion's filing, the Court expressed skepticism about the motion, R. 18. Due to this skepticism, the Court allowed discovery to begin, including Rule 26(a)(1) disclosures and written discovery (the latter of which was permitted to start as of November 23, 2015. R. 18.

On review of the briefing, the Court now formally denies the dismissal motion. To succeed on a trade-dress claim, a plaintiff must show that (1) its trade dress is nonfunctional, (2) its trade dress has acquired secondary meaning, and (3) there is a likelihood of confusion between its trade dress and the defendant's trade dress. *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1015 (7th Cir. 2005). Because this case is at the pleading stage, however, Lana need not *prove* those elements; instead, Lana need only adequately plead the claim. Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

Midas argues that the complaint fails to articulate what exactly is the trade dress that is being infringed. But that argument is premised on, at the same time, a too-cramped reading and a too-broad reading of the complaint. As to both the "Hooked on Hoops" and the "Blake" line of jewelry, the complaint alleges a written description and combines it with corresponding photographs. Specifically, on the "Hooked on Hoops" part of the claim, the complaint alleges that the trade dress applies to an earring, and then describes it as being "thin, oblong, gold hoop earrings with an open extension at one end." R. 1 ¶ 9. The same description is repeated in Paragraph 17 of the complaint, and then the complaint's Exhibit A is comprised of photographic examples of the earrings. Midas's argument targeting the Hooked on Hoops trade dress is cursory, amounting to the conclusion that the trade dress is undefined, but that argument can only be premised on an too-narrow interpretation of the complaint. Nothing more is required for the earring other than the description plus the photographs. This is especially true in the context of this type of product, where very little about the jewelry (and most jewelry) is functional. It would be a different story if the product at issue performed a function, so that an accused infringer would not know, just by looking at a photograph with a description, what the designer was claiming as non-functional trade dress, and what should melt into the background as functional features that cannot be part of a trade dress. For the same reasons, no more definite statement is needed either.

Similarly, the complaint alleges that the "Blake" trade dress is comprised of "unique combinations of flat, shiny interlocking links." R. 1 ¶ 10; *see also* R. 1 ¶ 19. The complaint then directs the reader to Exhibit B of the complaint for examples of the "Blake" trade dress, and the exhibit is comprised of photos of five jewelry pieces. *Id.* In contending that, despite the photos, the complaint is somehow indefinite, Midas reads the complaint too broadly. Midas argues that the complaint is open-endedly claiming *all* combinations of flat, shiny interlocking links. But no, the complaint uses the phrase "unique combinations" to tout that Lana came-up with "unique"-looking pieces of jewelry, not to overbroadly claim every combination of flat, shiny interlocking links. This reading of the compliant is confirmed by Lana's response brief, which says that the claimed trade dress, that is, the "protected configurations," are those shown in Exhibit B of the complaint. Pl.'s Resp., R. 21 at 4. Not that confirmation is needed; the Court points out the response brief not to allow amendment-by-response-brief, but rather to emphasize that the complaint means what it already says. The complaint is adequate, and no more definite statement is required.

As a final note, Midas's other arguments have been considered and rejected. The arguments premised on documents outside of the pleadings must be set aside at this pleading stage. The evidence submitted by Midas does not qualify as the type of documents allowed when considering dismissal motions, such as documents that are central to the allegations in the complaint but not attached to the complaint. And when that evidence is set aside, the complaint readily alleges the other two

2

elements of a trade-dress claim. Secondary meaning is sufficiently alleged by the examples of the media and celebrity publicity enjoyed by Lana. R. 1 ¶ 12. The likelihood of confusion is sufficiently alleged by the photographic comparisons. To be sure, discovery might show that the publicity has not created the necessary secondary meaning association in consumer minds, or that other facts (such as the degree of customer scrutiny and the price of the jewelry) will undermine the likelihood of confusion. But that is for discovery, not the pleading stage. The motion to dismiss [14] is denied.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: January 5, 2016